## THE ARCHEY CROSSMAN AND THE GRACIE.

(District Court, S. D. New York. March 26, 1900.)

COLLISION—SMOKE—FAILURE TO SIGNAL.

Before daylight a tug came into collision with a boat in tow of a tug in a dense smoke coming from copper works on the shore. The lights of neither tug could be seen by the other until about 50 feet apart. No signals had been given, for the alleged reason that the smoke was not seen until the boats got into it, but the prevalence of such smoke in a north wind, such as was blowing at the time, was a well-known fact to all navigators. The boats were moving at the rate of about five miles an hour. *Held*, that the omission to give timely signals on both sides with the rate of speed was the cause of the collision, rendering both tugs liable.

In Admiralty.

Alexander & Ash, for libelant.

Carpenter & Park and Mr. Symmers, for the Crossman.

Cowen, Wing, Putnam & Burlingham and Mr. Forrester, for the Gracie.

BROWN, District Judge. Before daylight on the morning of December 3, 1898, as the tug Gracie was coming eastward out of the Kills, she came in collision with the libelant's boat C. & T. Jefferson in tow on the starboard side of the tug Archey Crossman, going in the opposite direction. The collision was in the Kills, a little to the westward of Constable's Hook, and occurred in the dense smoke that came from the copper works on the north side of the Kills, and which in the light wind from the northward spread out thick upon the water. The lights of neither were seen by the other until the two were only from 50 to 75 feet apart. Some signals were immediately given, but as each was going at the rate of 4 or 5 miles an hour these signals were too late to be of any service. The excuse of the Gracie for not giving previous signals is that the smoke was not seen until she got into it. I do not consider this any excuse at all, as the prevalence of the copper works' smoke in a north wind is a well-known fact, and there is no reason, moreover, why it should not have been seen and the proper signals given before entering it. No signals were given by the Crossman other than those immediately before the collision, except at a distance from 500 to 800 feet before she entered the smoke from the east.

The omission on both sides to give a timely signal before getting into this dense smoke with the rate of speed at which they were going, fully explains the collision, without any attempt to resort to any other faults, if there were any; and as both were to blame in this respect, both must be held liable.

The canal boat was sunk and was not worth repairing. The evidence on the trial shows that the value of the boat and furniture lost did not exceed $440, after deducting the things that were recovered and the things taken ashore by the libelant's man and lost through his

own fault. A decree may be taken against both defendants for $440, with interest from December 4, 1898, unless a reference shall be desired to take further proof as to damages, which may be taken subject to the payment of the costs of the reference unless a more favorable judgment be obtained.